# 24-648

## UNITED STATES COURT OF APPEALS
## *for the*
## SECOND CIRCUIT

BARRY A. COHEN,

Plaintiff – Appellant,

v.

ARNOT HEALTH, INC., ARNOT OGDEN MEDICAL CENTER,
DBA ARNOT HEALTH, ELEANOR CALLANAN, individually,

Defendants – Appellees.

_____

*Appeal from the United States District Court
For the Northern District of New York
Case No. 3:22-CV-0178 (GTS/ML)*

## APPELLANT'S REPLY BRIEF
### ORAL ARGUMENT REQUESTED

Edward E. Kopko, Esq.
Edward E. Kopko, Lawyer, P.C.
*Counsel for Plaintiff – Appellant*
202 East State Street, Ste. 403
Ithaca, New York 14850
(607) 269-1300; (607) 269-1301 fax
office@kopko.law

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1
ARGUMENT........................................................................................................1
    II.   PLAINTIFF SUFFERED AN ADVERSE EMPLOYMENT ACTION AND THE FUTILITY ARGUMENT CREATES A QUESTION OF FACT ..................................................3
    III.   CALLANAN IS LIABLE ONLY IF AOMC IS LIABLE ..................................................4
CONCLUSION....................................................................................................5
STATEMENT OF COMPLIANCE........................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Bickerstaff v. Vassar Coll.* 196 F.3d 435 (2d. Cir. 1999) ........................................................2

*Carlton v. Mystic Transp., Inc.*, 202 F.3d 129 (2d Cir. 2004) ...................................................2

*Cf. DiGirolamo v. MetLife Group, Inc.*, 494 F. App'x 120 (2d Cir. 2012) ..............................3

*Int'l Bhd. Of Teamsters v. United States*, 431 U.S. 324 (1977) ................................................4

*Johnson v. County of Nassau*, 82 F. Supp 3d 533 (E.D.N.Y. 2015) .........................................4

*Malarkey v. Texaco, Inc.*, 983 F.2d 1204 (2d Cir. 1993) ...........................................................3

*Silver v. North Shore University Hospital*, 490 F.Supp.2d 354 (S.D.N.Y. 2004) ....................2

*Thelwell v. City of New York*, No. 13-cv-1260 (JGK) 2015 WL 4545881 (S.D.N.Y. July 18, 2015)....3

## INTRODUCTION

Plaintiff-Appellant, Barry A. Cohen, (hereinafter "Plaintiff"), submits this reply brief in further support of the above-captioned appeal and in reply to Defendants-Appellees, Arnot Health, Inc., Arnot Ogden Medical Center DBA Arnot Health, and Eleanor Callanan's, individually (hereinafter "Defendants") brief.

## ARGUMENT

### I. PLAINTIFF'S EVIDENCE OF DISCRIMINATORY INTENT IS NOT SPECULATIVE

Plaintiff's evidence of discriminatory intent, namely Callanan's remark, the inadequate itineraries, and the lack of follow-up on the accreditation issue by AOMC during the interview process, is not speculative.

Defendants argue that the *meaning* of Callanan's single stray remark is in dispute. Defs' Brf., p.7. Plaintiff asserts, however, that the record before the Court proves the intention of Callanan's comment about Plaintiff's age. Had the meaning not been clear, Callanan would not have been investigated for her actions by the EEOC and found to have a pattern of discriminatory behavior. JA278. The EEOC stated in its Determination letter:

> In addition, based on statistical analysis of applicant data concerning applicants for vacant position at any of Respondent's facilities whose recruitment or screen was overseen by Eleanor Callanan or any of her subordinates at any time from January 1, 2016 to present, EEOC has ascertained a pattern of discrimination in the hiring rates for applicants 40

1

    years of age or older.
JA278. (Emphasis added)

AOMC argues a single stray remark is insufficient to establish age discrimination here. Defs. Brf., p.22. "…[O]ne stray comment by itself is usually not sufficient proof to show age discrimination, that stray comment may bear a more ominous significance when considered within the totality of the evidence." *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 136 (2d Cir. 2004). Whether the comment evidences an intent to discriminate can be determined by considering who made the remark; when the remark was made in relation to the employment decision; and the context of the remark. *Silver v. North Shore University Hospital*, 490 F.Supp.2d 354, 363 (S.D.N.Y. 2004). Further, "[I]mpermissible bias of a single individual at any stage of the (promoting) process may taint the ultimate employment decision… even absent evidence of illegitimate bias on the part of the ultimate decision maker, so long as the individual shown to have the permissible bias played a meaningful role in the… process. *Bickerstaff v. Vassar Coll*. 196 F.3d 435, 450 (2d. Cir. 1999). Although eventually excluded from the process by AOMC's CEO, it is undisputed that here Callanan acted as the initial recruiter for AOMC in considering Plaintiff's application.

Defendants state in their brief that "Plaintiff admits he has no evidence that Ms. Surendran, AOMC's CEO nor anyone scheduled to interview him harbors age discrimination bias." Defs. Brf., p.18. This is untrue. Plaintiff asserts that the insufficient interview itinerary put forth by Ms. Surendran is further proof of age

2

discrimination as it is obvious it is far less comprehensive than what they typically provide a potential candidate Doctor. Defendants state this evidence is speculative, however, the record contains numerous itineraries obtained through a FOIA request to the EEOC that show otherwise. JA170 to 275.

Accordingly, Plaintiff established through non-conclusory, non-speculative admissible evidence AOMC's discriminatory intent. *Cf. DiGirolamo v. MetLife Group, Inc.*, 494 F. App'x 120, 121-22 (2d Cir. 2012).

## II. PLAINTIFF SUFFERED AN ADVERSE EMPLOYMENT ACTION AND THE FUTILITY ARGUMENT CREATES A QUESTION OF FACT

"[A] plaintiff's failure to apply for a position is not a bar to relief when an employer's discriminatory practices deter application or make application a futile endeavor." *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1213 (2d Cir. 1993). Plaintiff must prove that he would have applied for the job but for those discriminatory practices. *See Thelwell v. City of New York*, No. 13-cv-1260 (JGK) 2015 WL 4545881, at *16 (S.D.N.Y. July 18, 2015) *aff'd*, 733 F. App'x 561 (2d Cir. 2018).

In addition to the remark by Callanan, and the inadequate itinerary, Plaintiff also recognized that the original issue Callanan raised concerning Plaintiff's qualification, namely, fellowship training, (JA28, ¶10) was never raised again during the sham interview process. JA476-77, ¶42.

Plaintiff explains his claim he got a better job was not in fact correct but used by

3

him to justify cancelling his interview with AOMC since he had already determined by then the circumstances surrounding the interview process showed it to be a sham. JA475-76, ¶¶36-37.

Therefore, in light of the totality of the circumstances Plaintiff was faced with, arising after the discriminatory statement by Callanan, the inadequate itinerary, and the disappearance of any accreditation issue during the hiring process, Plaintiff discerned he was the subject of discrimination and knew his efforts to continue with the hiring process were futile, and he would have continued with the process but for those discriminatory acts. *See Int'l Bhd. Of Teamsters v. United States*, 431 U.S. 324, 367-68 (1977). The facts alleged by Plaintiff therefore establish questions of fact precluding summary judgment.

### III. CALLANAN IS LIABLE ONLY IF AOMC IS LIABLE

Defendants rightly point out that the *Johnson* case holds that an employee can be liable for discrimination only if the Plaintiff establishes the employer's liability first. The *Johnson* court stated "[i]n reach this decision, the Court emphasizes that the absence of the employer as a party to the suit does not relieve plaintiff of its obligation, as part of its Section 296(6) claim against the individual employee, of <u>first</u> proving the liability of the employer." *Johnson v. County of Nassau*, 82 F. Supp 3d 533, 537 (E.D.N.Y. 2015)(emphasis added).

To the extent Plaintiff argued otherwise in its opening brief —that Callanan could be held liable as an aider or abettor without establishing AOMC's liability— Plaintiff

4

withdraws or clarifies that argument. Nevertheless, since Plaintiff has shown discriminatory acts by AOMC based on non-speculative evidence, as shown above, Callanan is liable here.

## CONCLUSION

For the foregoing reasons, this Honorable Court should reverse the decision of the District Court granting summary judgment and remand the case for trial.

Edward E. Kopko, Esq.
Atty. Reg. No. 510874
Edward E. Kopko, Lawyer, P.C.,
Attorney for Plaintiff-Appellant
106 East Court Street
Ithaca, New York 14850
607.269.1300; Fax 607.269.1301
office@kopko.law
Tuesday, October 08, 2024

## STATEMENT OF COMPLIANCE

I, Edward E. Kopko, Esq., certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared using Microsoft Word in a proportionally spaced typeface (Times New Roman, 14 point). I further certify that this brief complies with the type-volume limitation set forth in Fed. R. App. P. 32(a)(7)(B) and contains 1,491 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

Edward E. Kopko, Esq.
Atty. Reg. No. 510874
Atty. for Plaintiff-Appellant
Edward E. Kopko, Lawyer, P.C.
106 East Court Street
Ithaca, New York 14850
607.269.1300; 607.269.1301 fax
office@kopko.law
Tuesday, October 08, 2024

6